**Doyle Welton EVANS, Petitioner,**

**v.**

**B. F. PETERSON, Superintendent, Eastern State Hospital, Respondent.**

**No. A–14864.**

Court of Criminal Appeals of Oklahoma.

Sept. 25, 1968.

H. A. Leatherman, Oklahoma City, for plaintiff.

G. T. Blankenship, Atty. Gen., for the State.

## ORDER GRANTING WRIT OF HABEAS CORPUS

NIX, Presiding Judge.

On September 19, 1968, the above styled and numbered cause came on for hearing before the Referee of the Court of Criminal Appeals on petition of Doyle Welton Evans for a writ of habeas corpus.

Being fully advised in the premises herein, it is the findings of the Referee as follows: Petitioner was charged with the crime of murder in the District Court of Oklahoma County on August 5, 1966, Case No. 32710. On January 23, 1967, application was made by counsel for Petitioner seeking commitment of Petitioner to a state mental hospital for observation. Pursuant thereto an order of commitment was issued by District Judge Boston Smith committing Petitioner to Eastern State Hospital. On April 24, 1967, a letter from the superintendent of Eastern State Hospital to the District Court of Oklahoma County stated that they found Petitioner "not mentally competent at this time" and recommended that he "be committed to a mental hospital for psychiatric care and treatment." An order of commitment was then filed on April 27, 1967, signed by District Judge Harold C. Theus, committing Petitioner to Eastern State Hospital "for treatment of his mental condition under the provisions of Title 22, Sec. 1171 to 1174, O.S. 1961," until the hospital declared defendant presently sane. Said order of commitment recited on its face, Petitioner "being present in court and with his attorney of record".

We further find that neither defendant nor his attorney were present in court on April 26, 1967. We find that no notice was given to Petitioner's counsel that Petitioner was to be committed beyond the original 90 day period of observation.

22 O.S., Supp.1967, § 1174, essentially provides that after a 90 day observation period in a mental hospital that the District Court may commit to a state hospital for treatment any defendant declared insane, provided that the individual may request a jury trial within 10 days of the issuance of such order.

We find that the order of commitment filed on April 27, 1967, was incorrect upon its face, that it is not in compliance with the requirements of 22 O.S., Supp.1967, § 1174, and that Petitioner's present confinement in the Eastern State Hospital is pursuant to a void order. Petitioner was denied the opportunity to have a jury trial on the question of sanity.

It is therefore ordered that Petitioner Doyle Winton Evans be released from his present custody in the Eastern State Hospital to the officials of Oklahoma County and that he be subject to further orders issued by the District Court of Oklahoma County.